OPINION
Defendant, Dale Bluser, appeals from the trial court's judgment designating him a sexual predator.
In 1991, Defendant pled guilty to felonious sexual penetration involving a child under thirteen years of age. R.C. 2907.12(A)(1)(b). The trial court sentenced Defendant to five to twenty-five years imprisonment.
On March 21, 2001, a sexual offender classification hearing was held. At the conclusion of that hearing the trial court designated Defendant a sexual predator. Defendant has now timely appealed to this court from that designation., Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations, and afforded him ample time to file a pro se brief. None has been received. This case is now ripe for decision., Defendant's appellate counsel has identified one potential issue for appeal:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR AS THE EVIDENCE BEFORE THE COURT WAS INSUFFICIENT TO SUPPORT SUCH A FINDING.
In order to adjudicate Defendant a sexual predator, the trial court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3).
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477; State v. Ingram (1992),82 Ohio App.3d 341., Defendant's conviction for felonious sexual penetration constitutes a sexually oriented offense. R.C. 2950.01(D)(5). Thus, the only remaining issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson (2001), 92 Ohio St.3d 584. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
The statutory guidelines are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)., Defendant alleges that the State failed to present sufficient evidence that he is likely to engage in the future in additional sex offenses. We disagree.
The State introduced at the hearing Court's Exhibit I, which consists of several documents including the House Bill 180 Screening Instrument, the Police Report from this incident, two Forensic Evaluations of Defendant, one conducted in 1991 and the other in October 2000, the Institution's Screening Instrument, and the Institution Summary Report. The trial court reviewed all of the documents contained in Court's Exhibit One before making its determination.
The evidence presented at the hearing demonstrates that Defendant admitted to police he used his index finger to penetrate the vagina of his seven year old victim. Defendant was thirty-one years old at the time. Defendant has a previous conviction in 1985 for a sex offense resulting from his fondling of his seven year old nephew. Defendant reported to a previous psychological evaluator that he becomes sexually aroused when he is alone with young children, that he is attracted to both girls and boys, and that he acted on those attractions to children by engaging in sexual contact once a month for several years. During his most recent evaluation in October 2000, Defendant did not express any remorse or regret for his past sexual offending behavior.
Much of the evidence in this case is probative of the increased risk for sexual re-offending that Defendant poses. Defendant's most recent psychological evaluation demonstrates that he is an extra-familial child molester who is attracted to both girls and boys. Such offenders recidivate at moderate to high rates. Defendant's risk for sexual re-offending is increased by: his previous conviction for a sexual offense, his re-offending after completing sex offender treatment, the potential size of his victim pool, the history and chronic nature of his sexual attraction to and offending against children, his marital status, and his denial of his sexual offending behavior which suggests a lack of benefit from any treatment.
Some of the evidence presented weighs in Defendant's favor and against a finding that he is likely to re-offend, including his current age, 42, and the lack of any history of substance abuse. Most of the evidence presented, however, as we previously noted, is clearly probative of Defendant's increased risk for re-offending. After considering the relevant statutory factors and weighing all of the evidence, the trial court concluded that Defendant is likely to re-offend in the future, and designated him a sexual predator.
Viewing the information presented at the hearing in a light most favorable to the State, as we must, State v. Jenks (1991),61 Ohio St.3d 259, we find that a rational trier of fact could find by clear and convincing evidence that Defendant is likely to commit additional sex offenses in the future. The trial court's finding that Defendant is a sexual predator is supported by legally sufficient evidence.
The assignment of error is overruled.
In addition to examining the error raised by Defendant's appellate counsel, we have conducted an independent review of the record of the trial court's proceedings. We see no prejudicial error which deprived Defendant of a fair trial
The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.